James William HUGHES, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–83–155–CR.

Court of Appeals of Texas,
Austin.

June 13, 1984.

J.A. (Jim) Bobo, Odessa, for appellant.

Kevin R. Bartley, Gary C. Riley, Bartley & Riley, P. C., Odessa, for appellee.

Before PHILLIPS, C.J., and POWERS and BRADY, JJ.

BRADY, Justice.

Appellant was convicted of five felonies, to-wit: two cases of aggravated rape, aggravated kidnapping, burglary of a habitation with intent to commit rape, and the unauthorized use of a motor vehicle. The trial court sentenced appellant to one life sentence, two ninety-nine year sentences, one seventy-five year sentence, and one ten year sentence, all cumulative.

Appellant argues six grounds of error: (1) that he was placed in double jeopardy on the rape committed in Crane County; (2) that the court's charge was erroneous; (3) that the court erred in cumulating or stacking the five jury sentences; (4) that the court erred in making the affirmative finding that appellant used or exhibited a weapon during commission of the offenses; (5) that it was error to permit the State to prosecute appellant on all five indictments, in violation of the Equal Protection clause of the Fourteenth Amendment; and (6) that the court erred in limiting the evidence of appellant on mitigation. We will reform the judgment of the trial court, and as reformed, affirm the conviction of appellant.

On August 31, 1982, in Monahans, Ward County, Texas, appellant broke into the private residence of the victim, the mother of the District Attorney of that county. The victim was surprised by appellant when she returned home that afternoon from her position at a local Monahans bank. Appellant raped the victim, made a

phone call to the victim's husband at the bank demanding $300,000.00 ransom, and then kidnapped her from her home in a pick-up truck owned by the couple. Appellant drove her around the countryside for the rest of the evening, raping her again after driving her to adjoining Crane County. After the ordeal, she was rescued by sheriff's officers of Crane County who then arrested appellant. Indicted in five separate felony cases, appellant was tried by special prosecutors when the District Attorney, son of the victim, recused himself. On a venue change, the cases were tried together in Travis County.

## DOUBLE JEOPARDY

■ Appellant argues that the State applied the carving doctrine, which was abandoned by Texas in the case of *McWilliams v. State*, 634 S.W.2d 815 (Tex.Cr.App.1980) (opinion on State's motion for rehearing). *McWilliams* adopted the United States Supreme Court rule of deciding double jeopardy questions under a strict construction of the constitution, using the "same offense" test. That is, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). At trial, there may be substantial overlap in the proof of each case; however, it is the separate statutory elements of each offense which must be examined under the *Blockburger* test. *Brown v. Alabama*, 619 F.2d 376 (5th Cir.1980).

■ Appellant asserts that the facts in each of the two rape cases at bar are the same. The State used the identical acts to support convictions in both the Ward County and the Crane County rapes. In each case the victim was the same, the weapon exhibited was the same, the victim was not appellant's wife, the acts were done on the same day, and the rapes were alleged to have occurred in a continuing criminal episode. The only difference, according to

appellant's theory, is that the word abduct is used in one indictment for the sole purpose of venue. Since venue is not a constituent element of the crime of aggravated rape, appellant argues, venue therefore is not a "criminative fact" or element of aggravated rape, citing *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Cr.App.1981). Thus, says appellant, he was placed in double jeopardy and the verdict and punishment in the second rape case must be set aside.

We disagree. The converse of the *Blockburger* rule is that multiple prosecution is not barred by separate statutes so long as each statute requires proof of a fact the other does not. For two reasons the trial court did not err in failing to set aside the second rape case which occurred in Crane County: (1) the second rape was not a result of the "same act" or "transaction," and (2) the second rape required proof of facts other than the facts of the first rape. In the first rape, which occurred in the residence of the victim in Ward County, the circumstances were different from those in the second rape which occurred in the pick-up truck in Crane County some hours and many miles later, after the victim had been abducted from her home and forced at gun point to accompany the appellant.

*Blockburger* involved a sale of drugs. After the first sale was consummated, payment for additional drugs was made. The United States Supreme Court held that although the sales were made to the same person, they were distinct and separate sales made at different times. Regardless of the fact that 11 sales were made in a continuing course of conduct, the first sale was consummated and no matter how closely following was the institution of a separate and distinct sale, it nevertheless was a separate offense. The Court cited Wharton Criminal Law, 11th Edition, § 34, which states:

When the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though

all unite in swelling a common stream of action, separate indictments lie.

\*    \*    \*    \*    \*    \*

The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately.... If the latter, there can be but one penalty.

The first drug transaction which resulted in a sale had come to an end, and the next sale was not the result of the original impulse but of a fresh one and therefore considered a new bargain. *Blockburger* also held that a single act may be an offense against two different statutes. In the case at bar, the acts of appellant were not a single act, but separate and distinct rapes, each involving a different set of circumstances.

There is ample precedent for convictions of this kind to result in sentences which run cumulatively. In the case of *Ex Parte Joseph*, 558 S.W.2d 891 (Tex. Cr. App. 1977), a carving doctrine case, the Court of Criminal Appeals held that a defendant could not be convicted of separate and different portions of a single transaction, even if the parts are in contemplation of law distinct offenses. However, the Court also found that both the act of rape and the act of sodomy were not proven by the same evidence and the act of sodomy was complete prior to the commission of the act of rape, and thus the doctrine of carving did not apply, citing *Ex Parte Caldwell*, 537 S.W.2d 265 (Tex.Cr.App.1976). In *Caldwell* the victim was forced to open a safe and then taken to the back room and raped. The Court held that the robbery and rape did not occur in a single transaction or in the same place or at the same time. In the case at bar, each act of rape can be readily distinguished not only occurring at two different times, and different counties, but the manner and methods which were employed by the appellant. Clearly, the trial court was correct in refusing to set aside the second rape conviction which occurred in Crane County, as it did not place appel-

lant in double jeopardy. Appellant's first ground of error is overruled.

## JURY CHARGE

Appellant's second ground of error is that the charge to the jury on burglary failed to require a finding that he entered the habitation without the effective consent of the owner. The charge read as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or after the 31st day of August 1982, in Ward County, Texas, the Defendant did then and there intentionally and knowingly enter the habitation of [the victim], and the said [victim] being then and there in possession of said habitation and having a greater right to possession thereof than James William Hughes and said James William Hughes did intentionally and knowingly make such entry with intent to commit a felony, to wit: rape of [the victim] *without the effective consent of* [the victim], then you will find the Defendant James William Hughes guilty of Burglary With Intent To Commit Rape. [Emphasis added]

Since appellant failed to object to the charge, the question then becomes whether the failure to put "without the effective consent of the owner," in the first portion of the above paragraph constituted fundamental error. We cannot agree with appellant that such is fundamental error. The Court's charge does not necessarily have to mirror the allegations in the indictment if the substantial language conforms to the legal theory pleaded therein. *Thomas v. State*, 599 S.W.2d 812 (Tex. Cr. App. 1980). We do not believe that the omission of the phrase in question in the first portion of the application paragraph, since it appears at the end of same, was calculated to injure the rights of appellant or to deny him a fair and impartial trial. The charge must be read as a whole. *Jackson v. State*, 591 S.W.2d 820 (Tex. Cr. App. 1979); *Smith v. State*, 541 S.W.2d 831 (Tex. Cr. App. 1976). It would have been a better practice, of course, to have placed a comma after the

phrase "rape of [the victim]." There being no objection by appellant at trial, we hold that such error was harmless.

## CUMULATING OR STACKING

Appellant's third ground is that the trial court erred in cumulating or stacking the five sentences given appellant by the jury because the trial court had no basis on which it could determine the exact order in which the jury decided the verdicts. Therefore, the trial court had no basis upon which to determine which were the second and subsequent offenses in order to calculate or stack the sentences properly. Appellant argues that the jury, in the punishment phase of the consolidated trials, did not indicate the order in which each offense was decided. The trial court first sentenced the appellant to ten years for the unauthorized use of a motor vehicle, seventy-five years for the second offense of burglary with intent to commit rape, life for the offense of aggravated kidnapping, and ninety-nine years each for the two offenses of aggravated rape (one in Ward County and one in Crane County). The trial court continued to state in the judgment that the life term for aggravated kidnapping would begin when the judgment of the preceding convictions shall have ceased to operate, the ninety-nine year term for aggravated rape in Ward County would begin when the preceding conviction shall have ceased to operate, meaning that when the aggravated kidnapping term had ended the ninety-nine year term for the Ward County rape would begin. And finally, when that term had ended, the ninety-nine year term for the Crane County rape would begin.

Texas Code Crim. P. Ann. art. 42.08 (1979) provides:

When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

▮▮▮ Trial judges are given the discretion to stack or cumulate sentences pursuant to article 42.08. There is no right to a concurrent sentence, it is within the discretion of the trial court. *Carney v. State*, 573 S.W.2d 24 (Tex. Cr. App. 1978). However, the sentence and final judgment are required to be sufficient on its face to effect its purpose without resort to evidence in aid thereof. *Grant v. State*, 635 S.W.2d 933 (Tex. App. 1982, no pet.). It should further convey to the authorities at the Texas Department of Corrections or any county jail clear and unequivocal orders of the trial court so that they may know definitely how long to detain the prisoner. *Ex Parte Lewis*, 414 S.W.2d 682 (Tex. Cr. App. 1967) sets out what the cumulation or stacking order should contain: (1) the case number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; and (4) the term of years of the prior conviction. In the case at bar, the four elements are present. The trial judge made an oral sentencing on January 20, 1983, with a written order following containing all four elements. Appellant's argument that the jury, by physically handing their verdicts to the bailiff in a slightly different order, made it impossible for the trial court to follow article 42.08 is not persuasive. Ground of error number three is overruled.

## FINDING BY THE COURT

▮▮▮ Appellant complains in his fourth ground of error that the trial court erred in making an affirmative finding in the judgment that appellant used or exhibited a deadly weapon during the commission of the offenses of unauthorized use of

a motor vehicle and burglary with intent to commit rape in the absence of such findings by the jury. The indictments for the offenses of unauthorized use of a motor vehicle and burglary with intent to commit rape do not allege use of a deadly weapon and the issue of whether such was used in the commission of these offenses was not submitted to the jury. The State argues that since the appellant was tried on all five indictments together, that three of the offenses alleged use of a deadly weapon (the kidnapping and the two aggravated rape indictments) and that since the offenses constitute one continuous criminal episode and all overlap, this Court should reform the judgment to state that the jury made findings that a deadly weapon was used in all five of the crimes committed by appellant. However, there is ample authority that when the indictment and the court's charge make no mention of a deadly weapon, the entry by the trial court of a finding that the offense was committed by the use thereof is improper. *Barecky v. State*, 639 S.W.2d 943 (Tex. Cr. App. 1982); *Ex Parte Thomas*, 638 S.W.2d 905 (Tex. Cr. App. 1982). Here, appellant does not argue that the judgment is void but instead suggests that the judgment must be reformed and corrected by deleting the findings that a deadly weapon was used during the commission of the offenses of unauthorized use of a motor vehicle and burglary with intent to commit rape. We will reform the judgment of the trial court in this respect and order deletion of the findings by the trial court that a deadly weapon, to-wit: a handgun, was used and exhibited during the commission of the unauthorized use of a motor vehicle and burglary with intent to commit rape.

### SELECTIVE PROSECUTION

Appellant next challenges the action of the trial court in denying his motion that the State elect one indictment upon which to proceed against appellant, and that prosecution of appellant in these five cases constitutes selective prosecution, thus denying appellant equal protection under the law. Appellant argues that the District Attorney of Ward County, being the son of the victim, although he had recused himself, did confer with the special prosecutors regarding the filing of more than one charge against appellant. Appellant argues that the filing of multiple charges would not have been done had the victim not been related to the District Attorney. Testimony of the various officials including the District Clerk, the former Sheriff of Ward County, the Chief of Police of Monahans, and the current Sheriff indicated that it was not unusual to have multiple indictments in a continuing criminal episode of the magnitude of the crimes involved here. Appellant called the District Attorney who testified that it would not matter who the victim was, that in this kind of heinous crime in Ward County there would have been five charges against any defendant. Further, the evidence from the statement of facts clearly shows that since *McWilliams, supra*, with the abandonment of the carving doctrine, multiple charges can be filed in a single criminal episode involving a single victim. We find no merit in appellant's fifth ground of error.

### EVIDENCE OF MITIGATING CIRCUMSTANCES

In his final ground of error, appellant complains that the trial court limited the evidence which appellant attempted to introduce concerning mitigation of punishment. Prior to trial, appellant was examined by two psychiatrists, one chosen by the State and the other selected by appellant. The question of competency to stand trial and plea of insanity were withdrawn by counsel for appellant prior to trial. At the punishment phase of the trial, counsel for appellant called appellant to testify as to some minor head injuries he had sustained in vehicle accidents prior to the commission of the offenses for which he stood trial. Upon being questioned by the trial judge of the purpose of such testimony by appellant, counsel suggested that the testimony about the wrecks in which appellant had been involved was an attempt to explain appellant's mental condition which

**660**

caused his conduct. The trial court stated that the defense was getting "dangerously close" to a situation where the court might be required to allow the State in rebuttal to introduce the testimony of the State psychiatrist. However, the trial court made no ruling and counsel for appellant did not pursue the point.

After the jury retired to consider punishment, the defense introduced a formal bill of exceptions, including the testimony of the mother, sister, and attorney for appellant. The purpose of this was to show that after the wrecks, appellant was not the same and impliedly was not responsible for his conduct. The trial court overruled the bill as not being timely presented. Appellant cited us no authority, and we know of none, which would indicate that any error was thus committed by the trial court.

The judgment of the trial court is reformed as indicated herein, and as reformed, is affirmed.