# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00365-CR

**Dennis Joseph Buie, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-00-116, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

Appellant Dennis Joseph Buie struck and killed a bicycle rider while driving on the access road of Interstate 35 in Travis County. Without stopping, he fled to his residence in Hays County where he attempted to clean his vehicle and removed its shattered windshield. After being convicted of manslaughter and failing to stop and render aid in Travis County, appellant pleaded guilty to tampering with physical evidence in Hays County. *See* Tex. Pen. Code Ann. § 37.09(d)(1) (West Supp. 2002). The district court adjudged him guilty and imposed a sentence of ten years' imprisonment to be served consecutively with the seventeen-year sentence he received for manslaughter. In his only point of error, appellant contends the sentence is disproportionate and hence unconstitutional. U.S. Const. amend. VIII. We will affirm the conviction.

Appellant relies on the opinion in *McGruder v. Puckett*, 954 F.2d 313 (5th Cir. 1992), in support of his Eighth Amendment claim. In *McGruder*, the court reviewed the opinions in *Solem*

*v. Helm*, 463 U.S. 277 (1983), and *Harmelin v. Michigan*, 501 U.S. 957 (1991), and concluded that the Eighth Amendment contains a guaranty against disproportionate sentences. *See McGruder*, 954 F.2d at 316. According to *McGruder*, we must first determine whether the sentence is disproportionate to the offense. *Id.* If it is, we then compare the sentence in question to sentences received for similar crimes in the same jurisdiction and in other jurisdictions. *Id.*

Appellant's argument is centered on the cumulation order. He contends that had this offense been tried with the other offenses arising from this criminal transaction, the sentences would have been served concurrently. *See* Tex. Pen. Code Ann. § 3.03 (West Supp. 2002). The offenses were not tried together, however, and the trial court had the discretionary authority to cumulate the sentence in this cause with the sentence in the previous Travis County case. Tex. Code Crim. Proc. Ann. art. 42.08(a) (West Supp. 2002). As a practical matter, the court's discretion under article 42.08 is absolute. *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Appellant also argues that the sentence is excessive because he was not prosecuted as a recidivist. *See* Tex. Pen. Code Ann. § 12.42 (West Supp. 2002). Appellant does not explain why the State's failure to seek an enhanced punishment under section 12.42 invalidates a punishment that is within the range prescribed for the offense for which he was convicted. We further note that it was undisputed at trial that appellant has a previous conviction for driving while intoxicated and that his license was suspended at the time of the hit-and-run incident.

We are not persuaded that the punishment imposed by the court is disproportionate to the offense. Even if we were, the record contains no information by which we could compare

appellant's sentence to sentences for similar offenses in Hays County or other jurisdictions. The point of error is overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   April 18, 2002

Do Not Publish