In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00071-CR


______________________________




JAMES EDWIN GRIFFIN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 179th Judicial District Court


Harris County, Texas


Trial Court No. 934870




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 James Edwin Griffin appeals from his conviction on his plea of guilty pursuant to a
plea agreement. He was convicted of burglary of a habitation with intent to commit theft. 
The court set punishment at ten years' imprisonment, in accordance with the terms of the
plea agreement. Griffin filed a notice of appeal pro se.

 Effective January 1, 2003, the Texas Rules of Appellate Procedure were amended.
Griffin's notice of appeal invoking appellate jurisdiction was filed after the effective date of
the amended rules. The amended rules therefore apply to this appeal. Rule 25.2(a) was
amended to read, in pertinent part: 

 (2) . . . A defendant in a criminal case has the right of appeal
under Code of Criminal Procedure article 44.02 and these rules. The trial
court shall enter a certification of the defendant's right of appeal in every
case in which it enters a judgment of guilt or other appealable order. In a
plea bargain case-that is, a case in which a defendant's plea is guilty or nolo
contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant-a
defendant may appeal only: 


 (A) those matters that were raised by written motion filed
and ruled on before trial, or 


 (B) after getting the trial court's permission to appeal. 


Tex. R. App. P. 25.2(a).

 The trial court filed a certification of Griffin's right of appeal in accordance with Rule
25.2(a)(2). It states that this "is a plea-bargain case, and the defendant has NO right of
appeal."

 We have jurisdiction to determine whether we have jurisdiction. Olivo v. State, 918
S.W.2d 519, 523 (Tex. Crim. App. 1996). Griffin pled guilty, and when adjudged guilty of
that crime, he entered into a plea agreement as to punishment that the trial court did not
exceed at sentencing. Under amended Rule 25.2(a)(2), Griffin was entitled to appeal only
"those matters that were raised by written motion filed and ruled on before trial," or "after
getting the trial court's permission to appeal." The trial court certified that neither of these
circumstances apply by stating there is no right of appeal. See Comb v. State, No. 01-03-00037-CR, 2003 Tex. App. LEXIS 2241 (Tex. App.-Houston [1st Dist.] Mar. 13, 2003, no
pet. h.). (1)

 We lack jurisdiction over this appeal. We dismiss the appeal for want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: April 16, 2003

Date Decided: April 17, 2003


Do Not Publish

1. A plea agreement by its nature incorporates a voluntary and understanding plea
of guilty, and thus its process can only be triggered when the plea agreement and guilty
plea are voluntarily and understandably made; however, in Cooper, the Texas Court of
Criminal Appeals determined that an involuntary plea may be raised by a motion for new
trial and habeas corpus, but not on appeal. Cooper v. State, 45 S.W.3d 77 (Tex. Crim.
App. 2001).



60; Gregg County, Texas
Trial Court No. 32553-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Larry Ray Townsend pled guilty before the trial court, without a plea agreement, to
driving while intoxicated, after having twice before been convicted of that offense. At the
same plea hearing, Townsend also pled guilty in two other cases, without plea agreements,
to delivery of a controlled substance. The court first adjudged Townsend guilty in the DWI
case and then adjudged him guilty in the drug cases. All three cases were reset for
sentencing at a later date. At sentencing, the trial court first assessed punishment in the
drug cases—twenty years' imprisonment in one case and thirty years' imprisonment in the
other—and then assessed punishment in the DWI case at ten years' imprisonment. The
court then sentenced Townsend accordingly, but "because [the DWI offense] occurred
months after the two [drug offenses]," the court ordered the punishment for the DWI
conviction be served consecutive to the thirty years assessed in one of the drug cases.


 
Townsend appeals,


 contending the trial court abused its discretion by cumulating a prior
conviction onto a subsequent conviction in violation of the plain language of Tex. Code
Crim. Proc. Ann. art. 42.08(a), providing that a sentence can only be cumulated onto a
"second and subsequent" conviction. We affirm.
          A trial court's decision to cumulate sentences is reviewed for an abuse of discretion. 
Hurley v. State, 130 S.W.3d 501, 503 (Tex. App.—Dallas 2004, no pet.). An improper
cumulation order is a void sentence and error may be raised at any time. Id. 
          Article 42.08(a) provides, in relevant part, as follows:
When the same defendant has been convicted in two or more cases,
judgment and sentence shall be pronounced in each case in the same
manner as if there had been but one conviction . . . . [I]n the discretion of the
court, the judgment in the second and subsequent convictions may either be
that the sentence imposed or suspended shall begin when the judgment and
the sentence imposed or suspended in the preceding conviction has ceased
to operate, or that the sentence imposed or suspended shall run concurrently
with the other case or cases. . . .

Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2005).
  
          Relying on tools of statutory construction, Townsend contends that, because he was
convicted in the DWI case first, the drug cases are "second and subsequent" offenses
pursuant to Article 42.08(a) and the sentence in the DWI case cannot be cumulated with
the sentences in the drug cases. However, applying those same tools, we hold that, in the
context of multiple convictions in a single proceeding, as in the instant case, such a literal
reading of the statute would lead to an absurd result. 
          In construing Article 42.08(a), the Texas Court of Criminal Appeals has held that the
trial court should be given flexibility when it comes to cumulating sentences. See Barela
v.  State,  No.  PD-1946-04,  2005  Tex.  Crim.  App.  LEXIS  2043,  at  *5  (Tex.  Crim.
App. Dec. 7, 2005); Pettigrew v. State, 48 S.W.3d 769, 773 (Tex. Crim. App. 2001). These
two cases appear inconsistent. Pettigrew suggests it is the order of sentencing that should
be considered in cumulating sentences. 48 S.W.3d at 771. Barela, on the other hand,
expressly holds that "[i]t is the order of conviction, rather than the order of sentencing, that
is important when contemplating the propriety of a cumulation order." 2005 Tex. Crim.
App. LEXIS 2043, at *10. Neither case, however, dealt with multiple convictions in a single
proceeding. Pettigrew dealt with a conviction in which community supervision was granted
but later revoked when the appellant was convicted for another offense. Barela dealt with
convictions in another state, for which no sentences had been pronounced, and later
convictions in Texas. Here, we rely on these cases for the proposition stated above that
is common to both: that, in cumulating sentences pursuant to Article 42.08(a), the trial
court has flexibility.
          Cases with facts more nearly those of the instant case are Nicholas v. State, 56
S.W.3d 760 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd), and Hughes v. State, 673
S.W.2d 654 (Tex. App.— Austin 1984, pet. ref'd). 
          In Hughes, the appellant was convicted by a jury for five offenses tried together. At
sentencing, the trial court cumulated all the sentences. Hughes argued on appeal that the
trial court had no basis on which it could determine the exact order in which the jury
decided the verdicts. The court, therefore, had no basis on which to determine the second
and subsequent offenses in order to cumulate the sentences properly under Article
42.08(a). Hughes, 673 S.W.2d at 658. Hughes appears to have also argued that the trial
court failed to follow Article 42.08(a) by cumulating the sentences in an order different from
the order in which the jury physically handed its verdicts to the bailiff. Id. The Austin Court
of Appeals rejected these arguments and held the cumulation order was within the
discretion of the trial court.
          In Nicholas, the appellant pled guilty to six indictments in one proceeding. The trial
court sentenced him to life in prison on each and ordered five to run consecutively. 
Nicholas argued on appeal that there was no subsequent conviction within the meaning
of Article 42.08(a) because he was "convicted and sentenced on his guilty pleas in a single
consolidated proceeding before the same judge at the same time . . . ." Rejecting his
argument, the Houston court cited Hughes and wrote:
Hughes stands for the proposition that, where a defendant is found guilty in
a consolidated proceeding, there need not be an exact order of the
presentment of the verdicts in order to fulfill the requirements of [article]
42.08(a). We see no reason to distinguish the holding by the Austin Court
of Appeals merely because Hughes was found guilty by a jury, whereas here
appellant pled guilty to a judge.

Nicholas, 56 S.W.3d at 766 (citing Hughes, 673 S.W.2d at 658).

          Likewise, we see no reason to distinguish these cases from the instant case where,
with multiple convictions in a single proceeding, the trial court happened to recite that it
found Townsend guilty of the DWI charge first. At sentencing, the court had a logical
reason for cumulating the DWI sentence onto one of the drug sentences: "because [the
DWI offense] occurred months after the two [drug offenses]." Under Pettigrew and Barela,
the court had that flexibility. Any other construction of Article 42.08(a), in this context,
would produce an absurd result.


 We hold the trial court did not abuse its discretion in its
cumulation order. Townsend's sole point of error is overruled.
          We affirm the judgment.



                                                                Donald R. Ross
                                                                Justice

Date Submitted:      January 19, 2006
Date Decided:         January 20, 2006

Publish