Affirmed and Memorandum Opinion filed June 22, 2004









Affirmed and Memorandum Opinion filed June 22, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-03-00605-CR

         
14-03-00606-CR

_______________

 

WESLEY EARL MASSOTH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_______________________________________________________

 

On
Appeal from the 208th District Court

Harris County, Texas

Trial
Court Cause Nos. 917,686
& 917,687

_______________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Wesley
Earl Massoth appeals two convictions for aggravated sexual assault of a child[1]
on the grounds that: (1) he was denied effective assistance of counsel; and (2)
the trial court improperly imposed consecutive life sentences.  We affirm.








Ineffective Assistance of Counsel

Appellant=s first issue argues he was denied
effective assistance of counsel because 
his trial counsel failed to: (1) put on any evidence regarding appellant=s mental condition; (2) investigate
appellant=s background thoroughly; (3) file any
pre-trial motions; (4) respond to the State=s pre-trial request to consolidate
the two cases and to have the sentences run consecutively; (5) have appellant
examined by a psychiatrist; (6) call witnesses to corroborate appellant=s mental condition; and (7) call any
witnesses at the punishment phase of trial besides appellant.  Appellant further claims that his counsel
conceded appellant=s guilt in his closing argument and also told the jury that
appellant was not asking for probation.

A
defendant=s right to effective assistance of
counsel is denied when a defense attorney=s performance falls below an
objective standard of reasonableness and thereby prejudices the defense to the
extent of causing the result of the proceeding to be different. Yarborough
v. Gentry, 124 S. Ct. 1, 4 (2003); Murphy v. State, 112 S.W.3d 592,
601 (Tex. Crim. App.
2003), cert. denied, 124 S. Ct. 1660 (2004).  Ineffective assistance claims must be
affirmatively demonstrated in the record. 
Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).  If counsel=s reasons for the challenged conduct
do not appear in the record and there is at least a possibility that it could
have been legitimate trial strategy, we will defer to counsel=s decisions and deny relief on an
ineffective assistance claim on direct appeal. 
Murphy, 112 S.W.3d at 601.

In
this case, appellant did not develop a record of either his counsel=s reasons for the challenged actions
or the evidence that could have been introduced if a different approach had
been taken.  Nor has he shown a
reasonable likelihood that any part of the proceeding might have reached a
different outcome.  Therefore, we
overrule appellant=s first issue.

Consecutive Life Sentences








Appellant=s second issue contends that the
trial court erroneously stacked his life sentences because the State did not
prove that appellant committed aggravated sexual assault on a child by anal
penetration on or after September 1, 1997, the effective date of the amendment
to section 3.03 of the Texas Penal Code, allowing multiple sentences for this
type of offense to be run consecutively.[2]  However, the record reflects the child
testified that appellant penetrated her anally and vaginally when she was
thirteen or fourteen years old.  Because
the child was born in 1985, she would have been thirteen and fourteen years old
in 1998 and 1999, respectively.  Thus,
there was evidence to show that appellant committed aggravated sexual assault
on or after September 1, 1997, such that section 3.03 would have been
applicable.  Therefore, appellant=s second issue is overruled.








Appellant=s third issue asserts that stacking
his life sentences deprived him of his Sixth and Fourteenth Amendment rights to
have any fact (other than a prior conviction) 
that increased the penalty for the crime beyond the prescribed statutory
maximum submitted to a jury and proved beyond a reasonable doubt.  See Apprendi v. New Jersey, 530 U.S. 466,
490 (2000).  However, a complaint on
appeal must comport with the corresponding objection at trial.  See, e.g., Routier v. State, 112
S.W.3d 554, 586 (Tex. Crim. App. 2003), cert. denied, 124 S. Ct. 2157
(2004).

At
trial, appellant=s objection was:

Just for the record, the defense is opposed to having
both cases run consecutively and we would ask that they run concurrent.  And also, Your Honor, since both of those
cases were tried together, then the Code stipulates that they should be run B they have to run concurrently.

 

However, this
objection or request did not mention any rights to Due Process, jury trial,
proof of facts beyond a reasonable doubt, Apprendi, or otherwise, so as
to apprise the trial court of any ground relied upon other than under the Texas
Code of Criminal Procedure.  Because the
trial court was thus given no opportunity to rule on the complaint presented in
appellant=s third issue, it presents nothing
for our review.  Accordingly, it is
overruled, and the judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed June 22, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty of aggravated sexual assault of a child and sentenced
him to life imprisonment in each case. 
The trial court cumulated these sentences.





[2]           Section
3.03 of the Texas Penal Code provides in relevant part:

(a)        When
the accused is found guilty of more than one offense arising out of the same
criminal episode prosecuted in a single criminal episode prosecuted in a single
criminal action, a sentence for each offense for which he has been found guilty
shall be pronounced.  Except as provided
by Subsection (b), the sentences shall run concurrently.

(b)        If
the accused is found guilty of more than one offense arising out of the same
criminal episode, the sentences may run concurrently or consecutively if each
sentence is for a conviction of:

(2)        an offense:

(A)       under
Section 22.021 committed against a victim younger than 17 years of age at the
time of the commission of the offense regardless of whether the accused is
convicted of violations of the same section more than once or is convicted of
violations of more than one section.

Tex. Pen. Code Ann. ' 3.03(a), (b)(2)(A) (Vernon 2003).  Section 22.021 includes the offense of
aggravated sexual assault of a child.  Tex. Pen. Code Ann. ' 22.021(a)(1)(B) (Vernon Supp. 2004).  The decision to stack a defendant=s sentences when he has been found guilty of multiple
sex‑related crimes, including aggravated sexual assault, even if
prosecuted in a single proceeding, is within the trial court=s discretion.  Nicholas
v. State, 56 S.W.3d 760, 766 n.9 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d).