Affirmed and Memorandum Opinion filed December 15, 2005









Affirmed
and Memorandum Opinion filed December 15, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00837-CR

____________

 

DONATO
MOCTEZUMA, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

__________________________________________________________________

 

On Appeal from the 228th District Court

Harris County, Texas

Trial Court Cause No. 978,991

__________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Donato Moctezuma
pleaded guilty to one count of aggravated robbery and was sentenced to fourteen
years in prison.  On appeal, he argues
that his sentence constitutes cruel and unusual punishment, and that the trial
court committed reversible error by limiting his testimony at his punishment
hearing.  We affirm.








I.  Factual and Procedural Background

On the evening of February 27,
2004, appellant confronted an individual named Juan Mosqueda, pointed a gun at
him, and demanded possession of his vehicle. 
After taking possession of it, appellant and his friends stripped the
vehicle of its contents.  Appellant was
arrested later that day and subsequently indicted for aggravated robbery.  On June 11, 2004, appellant pleaded guilty to
the charge without an agreed punishment recommendation.  A pre-sentence investigation hearing was held
on August 6, 2004.  At the conclusion of
the hearing, the trial court sentenced appellant to fourteen years in prison.

II.  Discussion

Appellant raises two issues on
appeal.  First, he argues a fourteen-year
sentence is cruel and unusual because it is Agrossly
disproportionate@ to the
crime committed and does not take into account appellant=s lack of
any prior convictions.  In his second
issue, appellant claims he was denied an opportunity to present evidence at the
punishment hearing because the trial court refused to allow appellant=s counsel
to conduct a redirect examination of appellant. 
Before we address the merits of appellant=s
arguments, however, we first turn to whether error has been preserved.








To present a claim for appellate
review, it is a prerequisite that appellant make a complaint stating the
specific grounds for the objection to the trial court.  Tex.
R. App. P. 33.1(a).  The record in
the instant case indicates that appellant=s counsel
said nothing following the trial court=s
pronunciation of appellant=s
sentence.  It also reveals that appellant=s counsel
never objected to the trial court=s refusal
to allow a redirect examination, nor did he attempt to perfect a bill of
exceptions to show the questions that would have been propounded and the
answers that would have been given. 
Because neither argument was presented to the trial court, the alleged
errors were not preserved for review.  Nicholas
v. State, 56 S.W.3d 760, 768 (Tex. App.CHouston
[14th Dist.] 2001 pet. ref=d)
(holding that appellant could not argue a sentence was cruel and unusual on
appeal when he failed to raise that contention to the trial court); Castillo
v. State, 939 S.W.2d 754, 760 (Tex. App.CHouston
[14th Dist.] 1997, writ ref=d)
(requiring appellant to have the record reflect the substance of the excluded
testimony in order to present the issue for appellate review).  Accordingly, we overrule both of appellant=s issues,
and affirm the judgment of the trial court.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed December 15, 2005.

Panel consists of Justice Fowler, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).