Affirmed and Memorandum Opinion filed October 17, 2006








Affirmed and Memorandum Opinion filed October 17, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00335-CR

____________

 

SHIRLEY ANN JOURNET, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 965,046

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Shirley Ann Journet, pled guilty to the
third-degree felony offense of tampering with a government document.  Pursuant
to a plea bargain, she received two years= deferred
adjudication probation.  Nine months later, the State filed a motion to
adjudicate guilt, alleging appellant had committed theft.  Appellant pled Anot true@ to the theft
allegation.  Following a hearing, the trial court entered a finding of Atrue@ and sentenced
appellant to four years= confinement in the penitentiary.  In two
points of error, appellant argues (1) her sentence is not proportionate to her
original offense and therefore violates the federal constitutional ban on cruel
and unusual punishment and, (2) her sentence constitutes cruel and unusual
punishment under the Texas Constitution.  We affirm.








The State argues
appellant has failed to preserve either of her two points of error because she
did not raise them before the trial court.  We agree.  At the close of the
punishment phase, the trial court orally assessed punishment at four years= confinement.  The
judge then asked:

Do you have anything to say before I sentence you,
ma=am?

Having nothing to say, it=s the ORDER of the
Court that you, Shirley Journet, having been found guilty and whose punishment
has been assessed at four years confinement in prison, that you be delivered by
the Sheriff of Harris County, Texas to the director of the Texas Department of
Criminal Justice, institutional division . . . where you will be confined for a
period of four years, according to the rules governing that institution.

Appellant
did not object to her sentence before the trial court, and she filed no
post-trial motion objecting to this sentence.  Because appellant did not raise
either of her two points of error before the trial court, she has forfeited
their review by this court.  See Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996) (finding appellant waived complaint that trial court=s refusal to
inform jury of  minimum sentence before parole eligibility violated Texas
Constitutional ban on cruel and unusual punishment by not lodging that
complaint before the trial court); Nicholas v. State, 56 S.W.3d 760, 768
(Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (finding
appellant waived claim that federal and state constitutions prohibit his
sentence as cruel and unusual punishment because he did not object when
sentence was announced or raise arguments in any post-trial motion).  We
overrule appellant=s first and second points of error.

The trial court=s judgment is
affirmed.

 

 

 

/s/      J. Harvey Hudson

Justice

 

Judgment rendered
and Memorandum Opinion filed October 17, 2006.

Panel consists of
Justices Anderson, Hudson, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).