Opinion of March 16, 2006, Withdrawn, Affirmed and Substitute Memorandum
Opinion filed May 16, 2006









 

Opinion of March 16,
2006, Withdrawn, Affirmed and
Substitute Memorandum Opinion filed May 16, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00411-CR

____________

 

GUSTAVO CASTRO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 980,471

 



 

S U B S T I T U T E    M E M O R A N D U M    O P I N I O N

We withdraw our memorandum opinion of
March 16, 2006 and issue the following substitute memorandum opinion in its
place.








Appellant was charged with one count of
possession with intent to manufacture or deliver a controlled substance
weighing more than 400 grams.  After the
trial court denied appellant=s motion to suppress,
he pleaded guilty and was sentenced by the trial court to twenty-five years
imprisonment in the Texas Department of Criminal JusticeCInstitutional
Division.  After his sentencing,
appellant filed a motion for new trial arguing that his guilty plea was the
result of ineffective assistance of counsel, which the trial court denied.  We affirm.

 

I.  Factual and Procedural Background

On July 1, 2003, appellant was a passenger
in a Jeep Grand Cherokee traveling northbound on the Gulf Freeway.  Neither appellant nor the Jeep=s driver were the
registered owner of the vehicle.  Trooper
Nathaniel Taylor of the Texas Department of Public Safety was stationed in his
patrol car on the side of the freeway, and when the Jeep passed him, Taylor=s radar gun
indicated that the Jeep was exceeding the posted speed limit.  Taylor signaled to the driver to pull over
and asked him to step out of the vehicle. 
The driver complied, and Taylor informed him that he was being stopped
for speeding.  Soon thereafter,
additional troopers arrived at the scene.

Taylor asked the driver if the Jeep
contained any narcotics, and the driver responded that it did not.  Taylor then asked for permission to search
the Jeep and the driver consented, both verbally and in writing.  A canine drug detection unit was called to
the scene, and the dog immediately reacted to the vehicle.  The dog alerted its handler to the scent of
drugs at the center console of the Jeep, and traced the scent towards the back
of the vehicle where an empty Xerox box was found.  The dog also alerted to the area of the floor
around the box.

During the search, officers learned that
the driver had outstanding arrest warrants, and placed him under arrest.  When the officers found relay switches and
wiring leading to the rear of the vehicle, the officers decided to continue the
search in a safer and better-lit environment, and removed the Jeep to the
Webster police station.  After two to
three hours of searching, the officers discovered a hidden compartment, which
contained four kilograms of cocaine and a pistol. 








Appellant was charged with one count of
possession with intent to manufacture or deliver a controlled substance.  The charge also contained an enhancement
paragraph for the use of a deadly weapon during the commission of the offense.  Appellant filed a motion to suppress the
evidence obtained as a result of the search. 
The trial court denied the motion, appellant pleaded guilty, and was
sentenced to twenty-five years in prison. 


After appellant=s sentencing, his
counsel filed a motion to withdraw as attorney of record.  Appellant=s successor
counsel filed a motion for new trial on the grounds that appellant was denied
effective assistance of counsel. 
Specifically, appellant claimed his trial counsel did not inform him
that the presence of the pistol could be used to enhance his sentence.  The motion for new trial was denied, and this
appeal ensued.

II.  Issues Presented

In appellant=s first issue, he
challenges the trial court=s denial of his
motion to suppress, contending that officers did not have reasonable suspicion
for the traffic stop.  Thus, he argues
the traffic stop was an illegal detention, and the driver=s consent to
search the vehicle was the product of that detention.  Alternatively, appellant argues that the
search was the result of his illegal detention after the investigating officer
decided to issue the driver a warning citation. 
Finally, appellant argues that the scope of the search exceeded the
driver=s consent.

In his second issue, appellant contends
that the trial court abused its discretion in denying his motion for new trial
on the grounds that appellant=s guilty plea was
the result of his trial counsel=s failure to
advise him of potential sentencing enhancements.  Appellant contends that his plea was not
voluntary but was instead the result of ineffective assistance of counsel.

III.  Discussion

A.      Did
the Trial Court Err in Denying the Motion to Suppress?

1.       Standard
of Review








In reviewing a trial court=s ruling on a
motion to suppress, we grant almost total deference to the trial court=s determination of
historical facts that are supported in the record.  See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997) (en banc).  Where
the trial court did not make explicit findings of historical facts, we review
the evidence in a light most favorable to the trial court=s ruling and
assume that the trial court made implicit findings of fact supported in the
record.  Balentine v. State, 71
S.W.3d 763, 768 (Tex. Crim. App. 2002). 
Similarly, we will not overrule a trial court=s ruling on mixed
questions of law and fact if the ultimate issue is resolved by evaluating a
witness=s credibility and
demeanor.  Guzman, 955 S.W.2d at
89.  When the resolution of a mixed
question of law and fact does not involve such an evaluation, we review the
ruling de novo.  Id.  

2.       Standing

As appellant acknowledges, a defendant
bears the burden of proving his own privacy rights were violated; that is, that
he has standing to contest the search or seizure.  State v. Klima, 934 S.W.2d 109, 111
(Tex. Crim. App. 1996) (en banc); Flores v. State, 871 S.W.2d 714, 719
(Tex. Crim. App. 1993) (en banc).  In the
absence of any evidence showing that a passenger in a vehicle has a legitimate
expectation of privacy in the vehicle or a possessory interest in the property
seized, the passenger has no standing to contest the search of the
vehicle.  Flores, 871 S.W.2d at
720; Meeks v. State, 692 S.W.2d 504, 510 (Tex. Crim. App.1985).  Appellant has stated no legitimate
expectation of privacy, and has claimed no possessory interest in the Jeep or
its contents.  

This does not end our inquiry,
however.  A passenger can challenge the
search of a vehicle if the search resulted from an infringement of his Fourth
Amendments rights.  Lewis v. State,
664 S.W.2d 345, 348 (Tex. Crim. App. 1984) (en banc).








Appellant argues the police lacked
reasonable suspicion to stop the Jeep and therefore, the traffic stop
constituted an illegal detention. 
Appellant reasons that the search was the result of his illegal detention,
and thus, the evidence seized should have been suppressed as the Afruit of the
poisonous tree.@  In
support of this argument, appellant relies on the testimony of Officer Floyd
Winkler, who arrived at the scene after Taylor initiated the traffic stop.  Winkler testified that there was no traffic
violation, and that he had requested that Taylor stop the Jeep.  Appellant acknowledges, however, that Taylor
testified the Jeep was stopped for exceeding posted speed limits.

Because we defer to the trial court=s determination of
historical facts and to its evaluation of witness credibility, we conclude the
trial court resolved this conflict in the testimony and implicitly found that
Taylor had reasonable suspicion to stop the Jeep for a traffic violation.  As a result, the traffic stop did not
constitute an illegal detention, and did not violate appellant=s Fourth Amendment
rights.  

Alternatively, appellant argues Aany continued
detention beyond the moment Taylor determined he was going to issue a warning
citation was improper as the purpose of the stopCa speeding
investigationChad been completed.@  In support of this argument, appellant points
to Taylor=s testimony that: (a) the investigation
for speeding was concluded after Taylor decided to issue the driver a warning
citation for speeding; and (b) Taylor asked for consent to search the vehicle after
he decided to issue the citation.

We are not persuaded by this
argument.  Under appellant=s reasoning, all
traffic stops contain a period of illegal detention between the time an officer
decides to take an action and the time that action is completed.[1]  Having decided to write a warning citation,
it is not illegal for an officer to detain a driver for the time required to do
so. 

Finding no violation of appellant=s Fourth Amendment
rights, and no asserted possessory interest in the Jeep or its contents, we
conclude appellant lacks standing to challenge the search of the vehicle.  We therefore need not address appellant=s challenges to
the search.

B.      Did the Trial Court Abuse Its Discretion
By Denying Appellant=s Motion for  New
Trial?








Following the denial of his motion to
suppress, appellant pleaded guilty to one count of possession with intent to
manufacture or deliver a controlled substance weighing more than 400
grams.  The charge also included an
enhancement paragraph alleging a deadly weapon was used in the commission of
the crime.  After the trial court
sentenced appellant to twenty-five years in prison, appellant obtained other
counsel and filed a motion for a new trial claiming he received ineffective
assistance of counsel.  According to
appellant, his prior counsel advised him that the pistol found in the secret compartment
could not be linked to him and  would not
be a factor in the trial court=s sentencing
decision.  Appellant=s only evidence
supporting this claim is his own two-page affidavit. 

1.       Standard of Review

When the trial
court=s determination of
historical facts is based solely upon affidavits, we review a ruling on a claim
of ineffective assistance of counsel made during a motion for new trial for an
abuse of discretion.  Charles v. State,
146 S.W.3d 204, 210 (Tex. Crim. App. 2004). 
We do not substitute our judgment for that of the trial court, but
rather we decide whether the trial court=s decision was
arbitrary or unreasonable.  Id.  We view the evidence in the light most
favorable to the trial court=s ruling and
presume that all reasonable factual findings that could have been made against
the losing party were made against that losing party.  Id. 
Thus, a trial court abuses its discretion in denying a motion for
new trial only when no reasonable view of the record could support the trial
court's ruling.  Id.

2.       Analysis

In an affidavit
attached to the written motion and introduced into evidence at the hearing,
appellant stated the following:

I want to start by saying that I
don=t think I was well-represented by
my [prior] attorney . . . .

I explained to [my prior counsel]
from the beginning that there was a gun involved in my case and that it did not
belong to me.

I asked for him or the DA to have
it checked for fingerprints but his answer to me was that the only way this gun
would be pinned on me was if,

1) The gun was registered under my
name.

 








2) If I had possession of the gun
at the time of my arrest.

3) If my fingerprints were on the
gun.

4) If an officer saw me put it
there.

That only if they could prove any
of these four, then the gun was not an issue.

And when I brought up the gun
throughout this whole ordeal he kept saying it wasn=t an issue all the way till the day
I was sentenced.

So Your Honor when I agreed to have
you sentence me I was under the assumption that the gun was not an issue.

Had my attorney told me I could
receive a deadly weapon finding I would not [have] pursued a motion to suppress
and accepted the lower offer made to me.

 

The State argued
the affidavit was insufficient evidence of the prior counsel=s actions and
argued that the best evidence of this alleged advice was the testimony of
appellant=s prior counsel.  Appellant responded that the affidavit
constituted uncontroverted evidence that the advice received was clearly
erroneous, and that he was harmed by relying on that advice.  Appellant also argued that heCnot his prior
counselCwas the best
witness to testify as to how the advice affected his decision to plead guilty.

A record
reflecting that the trial court properly admonished the defendant as to the
consequences of his plea is prima facie evidence that the defendant entered a knowing
and voluntary plea.  Nicholas v. State,
56 S.W.3d 760, 769B70 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d). 
However, when a defendant enters a plea of guilty on the advice of
counsel and subsequently challenges the voluntariness of that plea based on
ineffective assistance of counsel, the voluntariness of the plea depends on (1)
whether counsel=s advice was within the range of
competence demanded of attorneys in criminal cases and if not, (2) whether
there is a reasonable probability that, but for counsel=s errors, the
defendant would not have pleaded guilty and would have insisted on going to
trial.  See Hill v. Lockhart, 474
U.S. 52, 

 

 








56 (1985). 
The burden, however, is on the defendant to show that the plea was
entered without knowledge of its consequences. 
Nicholas, 56 S.W.3d at 770.

As noted,
appellant=s only evidence in support of his claim of
ineffective assistance of counsel was his affidavit.  A trial judge is not required to believe such
an affidavit, even when it is uncontradicted. 
Charles, 146 S.W.3d at 213. 
Moreover, appellant=s unwillingness to
support his affidavit with live testimony could be considered evidence that the
affidavit is untrue.  Kober v. State,
988 S.W.2d 230, 234 (Tex. Crim. App. 1999). 
Although appellant=s counsel correctly notes that only
appellant had personal knowledge of how the advice provided by prior counsel
affected appellant=s decision-making processes, the testimony
of prior counsel is most probative of the advice that was actually
provided.  Finally, appellant=s unwillingness to
offer proof on this issue was made manifest by appellant=s refusal to call
his prior counsel to testify. 

 On these facts, we cannot say the trial court
abused its discretion in denying appellant=s motion for new
trial.  

IV.  Conclusion

Because appellant
lacks standing to challenge the search of the vehicle, we conclude the trial
court did not err in denying appellant=s motion to
suppress.  We further conclude the trial
court did not abuse its discretion in denying appellant=s motion for new
trial.  Therefore, we affirm the judgment
of the trial court.

 

 

 

/s/      Eva M. Guzman

Justice

 

Judgment rendered and Substitute Memorandum Opinion filed
May 16, 2006.

Panel consists of Justice Fowler, Edelman, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).











[1]  Appellant does
not argue that Taylor delayed writing the citation.