Affirmed and Memorandum Opinion
filed October 19, 2010.

In
The

Fourteenth
Court of Appeals



NO. 14-09-00499-CR



Roderick Deon
Carpenter, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 232nd District Court

Harris County, Texas

Trial Court
Cause No. 1171502



 

MEMORANDUM OPINION

A jury convicted appellant Roderick Deon Carpenter of
capital murder.  Because the State did not seek the death penalty, the trial
court imposed an automatic sentence of imprisonment for life without parole. 
Appellant challenges his sentence on two grounds, claiming that an automatic
sentence of life without parole violates the Eighth Amendment to the United
States Constitution and the separation of powers doctrine of the Texas
Constitution.  U.S. Const. amend.
VIII; Tex. Const. art. II, § 1.  We
affirm.

Background

Appellant was indicted
for capital murder for the deaths of Eduardo Arriaga and Van Lee Guzman in the
same criminal transaction.  A jury found him guilty, and the State did not seek
the death penalty.  Pursuant to section 12.31 of the Texas Penal Code, the
trial court was required to impose an automatic sentence of life imprisonment without
the possibility of parole.  See Tex.
Penal Code Ann. § 12.31(a)(2) (West Supp. 2009).  The statutory
scheme does not allow a defendant to offer mitigation evidence for a reduced
sentence, and appellant did not attempt to do so.  He did not object at
sentencing or file a post-judgment motion to challenge the statute, but he now presents
facial challenges to the statute for the first time on direct appeal.

Analysis

Appellant argues that an automatic sentence of life
without parole for capital offenders, required by section 12.31(a)(2) when the
State does not seek the death penalty, (1) violates the Eighth Amendment to the
United States Constitution because there is no vehicle for a jury’s
consideration of mitigating evidence, thus making the sentence cruel and
unusual, and (2) violates the separation of powers doctrine of the Texas
Constitution because a judicial department officer—the prosecutor—is given the
power to preclude parole officials in the executive department from exercising
their executive power to grant parole.  By not raising either of these issues
in the trial court, appellant has failed to preserve any error for our review. 


Both the Court of Criminal Appeals and this court
have held that Eighth Amendment challenges to sentences may not be raised for
the first time on direct appeal.  See Curry v. State, 910 S.W.2d 490,
497 (Tex. Crim. App. 1995); Nicholas v. State, 56 S.W.3d 760, 768 (Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d); see also Karanev v. State,
281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (“[A] defendant may not raise for
the first time on appeal a facial challenge to the constitutionality of a
statute.”).  But even if we were to reach the merits of appellant’s Eighth
Amendment argument, we note that the United States Supreme Court has held that
a mandatory sentence of life without parole—with no opportunity to present mitigating
evidence—was not cruel and unusual for a drug possession crime.  Harmelin v.
Michigan, 501 U.S. 957, 994–95 (1991).  Accordingly, the failure to allow
for mitigating evidence before imposing such a sentence could not be cruel and
unusual for a defendant convicted of murder, a much more serious crime.  Cf.
Graham v. Florida, 130 S. Ct. 2011, 2027 (2010) (holding that the
sentencing of a juvenile to life without parole in a non-homicide case violated
the Eighth Amendment partly because “defendants who do not kill, intend to
kill, or foresee that life will be taken are categorically less deserving of
the most serious forms of punishment than are murderers”).

Appellant has also failed to preserve his facial
challenge to the statute on the ground that it violates the separation of powers
doctrine of the Texas Constitution.  The Court of Criminal Appeals recently
held that to preserve error for appeal, a facial challenge to the constitutionality
of a statute must first be presented in the trial court.  Karanev, 281
S.W.3d at 434.  In Karanev, the court explicitly overruled its prior
decision in Rose v. State, 752 S.W.2d 529, 553 (Tex. Crim. App. 1987),
in which the court had held that a challenge to a penal statute based on the separation
of powers doctrine could be raised for the first time on appeal.[1]  Karanev,
281 S.W.3d at 434 & n.51.  Because the Karanev decision is
controlling in this case, appellant was required to challenge the
constitutionality of section 12.31(a)(2) in the trial court to preserve any
error for our review.[2]

Appellant’s issues are
overruled, and we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and Sullivan.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
The Karanev decision also implicitly overruled the dictum in Saldano
v. State, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002), in which the court
noted that a challenge to a statute based on the separation of powers doctrine
could be raised for the first time on appeal.





[2]
The Karanev decision was rendered in April 2009, and appellant was
sentenced in June 2009.  Because the operative facts in this case—appellant’s
sentencing—occurred after the Karanev decision was rendered, we need not
decide whether the new rule of error preservation should apply retroactively or
only prospectively.  See Taylor v. State, 10 S.W.3d 673, 678 & n.3
(Tex. Crim. App. 2000).