NO.
12-05-00318-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RICHARD MARTIN, II,       §                      APPEAL FROM THE 349TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      HOUSTON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Richard
Martin, II appeals his convictions on four counts of aggravated sexual assault
of a child, for which he was sentenced to imprisonment for forty years on each
count.  Appellant raises two issues on
appeal.  We affirm.

 

Background

            Appellant
was charged by indictment with four counts of aggravated sexual assault of a
child and pleaded “not guilty” to the charges. 
The matter proceeded to jury trial, and the jury found Appellant “guilty”
as charged on each count.  Following a
trial on punishment, the jury assessed Appellant’s punishment at forty years of
imprisonment for each count.  The trial
court sentenced Appellant accordingly and ordered that his sentences run
consecutively.  This appeal followed.  

 

Consecutive
Sentences

            In
his first issue, Appellant argues that the trial court abused its discretion in
ordering that his sentences run consecutively. 
Under article 42.08 of the Texas Code of Criminal Procedure, a trial
judge has the discretion to cumulate the sentences for two or more convictions.  See Tex.
Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2006); Nicholas
v. State, 56 S.W.3d 760, 764 (Tex. App.–Houston [14th Dist.] 2001, pet.
ref’d); see also Tex. Pen. Code
Ann. 3.03(b)(2)(A) (Vernon Supp. 2006) (if the accused is found guilty
of more than one offense arising out of the same criminal episode, the
sentences may run consecutively if each sentence is for an offense of, among
others, aggravated sexual assault committed against a victim younger than 17
years of age at the time of the commission). 
A trial court abuses its discretion when it applies an erroneous legal
standard or when no reasonable view of the record supports the trial court’s
conclusion under the correct law and facts viewed in the light most favorable
to its legal conclusion.  Nicholas,
56 S.W.3d at 764.

            As
a practical matter, however, an abuse of discretion generally will be found
only if the trial court imposes consecutive sentences where the law requires
concurrent sentences, where the court imposes concurrent sentences but the law
requires consecutive ones, or where the court otherwise fails to observe the
statutory requirements pertaining to sentencing.  Nicholas, 56 S.W.3d at
764.  In short, so long as the law
authorizes the imposition of cumulative sentences, a trial judge has absolute
discretion to stack sentences.  Id.;
see Quintana v. State, 777 S.W.2d 474, 480 (Tex. App.–Corpus
Christi 1989, pet. ref’d).

            In
the case at hand, Appellant was convicted of four counts of aggravated sexual
assault of a child younger than fourteen years of age.  Thus, the law authorizes the imposition of
cumulative sentences.  See Tex. Pen. Code Ann. § 3.03(b)(2)(A); Tex. Code Crim. Proc. Ann. art.
42.08(a).  Furthermore, each of Appellant’s
forty year sentences fell within the statutory range for the offense for which
Appellant was convicted.  See Tex. Pen. Code Ann. 12.32(a), 22.021(e)
(Vernon 2003 & Supp. 2006). 
Furthermore, having reviewed the facts in this case, we do not conclude
that the trial court’s order to cumulate Appellant’s sentences was
improper.  Therefore, we hold that the
trial court did not abuse its discretion when it ordered that Appellant’s
sentences run consecutively.  See Nicholas,
45 S.W.3d at 764–65.  Appellant’s first
issue is overruled.

 

Cruel and
Unusual Punishment

            In
his second issue, Appellant contends that each of the forty year sentences
imposed on him constituted cruel and unusual punishment under both the Texas
and United States constitutions. 
Initially, we note that Appellant made no objection to the trial court
raising the issue of cruel and unusual punishment and has, therefore, waived
such an issue on appeal.  See Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with
regard to rights under the Texas Constitution); Curry v. State,
910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under
the United States Constitution); Tex. R.
App. P. 33.1.  However, even
absent waiver, we conclude that Appellant’s sentence did not constitute cruel
and unusual punishment.[1] 


            The
legislature is vested with the power to define crimes and prescribe
penalties.  See Davis v. State,
905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons
v. State, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d).  Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive,
cruel, or unusual.  See Harris v.
State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v.
State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Davis,
905 S.W.2d at 664.  In the case at hand,
Appellant was convicted of four counts of aggravated sexual assault of a
child.  See Tex. Pen. Code Ann. § 22.021(a) (Vernon
Supp. 2006).  The punishment range for
such an offense is imprisonment for life, or for any term between five and
ninety-nine years.  See Tex.
Pen. Code Ann.  §§ 12.32(a);
22.021(3) (Vernon 2003 & Supp. 2006). 
Here, the sentence imposed by the trial court falls within the range set
forth by the legislature.  Id.  Therefore, the punishment is not
prohibited as cruel, unusual, or excessive per se.

            Nonetheless,
Appellant urges the court to perform the three part test originally set forth
in Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637
(1983).  Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of
the offense and the harshness of the penalty, (2) the sentences imposed on
other criminals in the same jurisdiction, and (3) the sentences imposed for
commission of the same crime in other jurisdictions.  Solem, 463 U.S. at 292, 103 S.
Ct. at 3011.[2]  The
application of the Solem test has been modified by Texas courts
and the Fifth Circuit Court of Appeals in light of the Supreme Court’s decision
in Harmelin to require a threshold determination that the
sentence is grossly disproportionate to the crime before addressing the
remaining elements. See, e.g., McGruder, 954 F.2d at 316; see
also Jackson v. State, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana
1999, no pet.).

            In
determining whether Appellant’s sentence is grossly disproportionate, we are
guided by the holding in Rummel v. Estell, 445 U.S. 263, 100 S.
Ct. 1133, 63 L. Ed. 2d 382 (1980).[3] 
In Rummel, the Supreme Court addressed the proportionality
claim of an appellant who had received a mandatory life sentence under a prior
version of the Texas habitual offender statute for a conviction of obtaining
$120.75 by false pretenses.  Id.,
445 U.S. at 266, 100 S. Ct. at 1135.  The
life sentence was imposed because the appellant also had two prior felony
convictions—one for fraudulent use of a credit card to obtain $80.00 worth of
goods or services and the other for passing a forged check in the amount of
$28.36.  Id., 445 U.S. at
266, 100 S. Ct. at 1134-35.  After
recognizing the legislative prerogative to classify offenses as felonies and,
further, considering the purpose of the habitual offender statute, the court
determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment.  Id.,
445 U.S. at 285, 100 S. Ct. at 1145.  

            In
the case at hand, the offenses committed by Appellant—aggravated sexual assault
of a child—were far more serious than any of the offenses committed by the
appellant in Rummel, while Appellant’s forty year sentences are
far less severe than the life sentence upheld by the Supreme Court in Rummel.
Thus, it follows that if the sentence in Rummel was not
unconstitutionally disproportionate, then neither are the sentences assessed
against Appellant in the case at hand. 
Therefore, since we do not find the threshold test to be satisfied, we
need not apply the remaining elements of the Solem test.  Appellant’s second issue is overruled.

 

 

Disposition

Having overruled Appellant’s first
and second issues, we affirm the trial court’s judgment.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

Opinion
delivered September 6, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
We note that the court of criminal appeals has held that an order cumulating
sentences is not cruel and unusual punishment per se.  See Stevens v. State, 667
S.W.2d 534, 538 (Tex. Crim. App.1984).





[2] The strict application of the Solem
test has been questioned since the Supreme Court rendered its opinion in Harmelin
v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836
(1991).  See Simmons, 944
S.W.2d at 15.  The Texarkana Court of Appeals
discussed the applicability of Solem in Davis v. State
and observed that five members of the Supreme Court in Harmelin rejected
the application of the three factor test. 
See Simmons, 944 S.W.2d at 15 (citing Davis,
905 S.W.2d at 664).  However, the court
in Davis nevertheless evaluated the sentence under the elements
of Solem, recognizing that seven of the justices in Harmelin
still supported an Eighth Amendment prohibition against grossly
disproportionate sentences.  See Davis,
905 S.W.2d at 664 (citing McGruder v. Puckett, 954 F.2d 313, 316
(5th Cir.), cert. denied, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98
(1992) and Lackey v. State, 881 S.W.2d 418, 421 (Tex. App.–Dallas
1994, pet. ref’d)).





[3]
Incidentally, the Fifth Circuit has referred to Rummel as a “handy
guide” in conducting a proportionality review. 
See McGruder, 954 F.2d at 317.