Larry Ray TOWNSEND, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–05–00173–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 19, 2006.

Decided Jan. 20, 2006.

Jason D. Cassel, The Cassel Law Firm, PC, Longview, for appellant.

Ray Bowman, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

### OPINION

Opinion by Justice ROSS.

Larry Ray Townsend pled guilty before the trial court, without a plea agreement, to driving while intoxicated, after having twice before been convicted of that offense. At the same plea hearing, Townsend also pled guilty in two other cases, without plea agreements, to delivery of a controlled substance. The court first adjudged Townsend guilty in the DWI case and then adjudged him guilty in the drug cases. All three cases were reset for sentencing at a later date. At sentencing, the trial court first assessed punishment in the drug cases—twenty years' imprisonment in one case and thirty years' imprisonment in the other—and then assessed punishment in the DWI case at ten years' imprisonment. The court then sentenced Townsend accordingly, but "because [the DWI offense] occurred months after the two [drug offenses]," the court ordered the punishment for the DWI conviction be served consecutive to the thirty years assessed in one of the drug cases.[1] Townsend appeals,[2] contending the trial court abused its discretion by cumulating a prior conviction onto a subsequent conviction in violation of the plain language of TEX.CODE CRIM. PROC. ANN. art. 42.08(a), providing that a sentence can only be cumulated onto a "sec-

ond and subsequent" conviction. We affirm.

■ A trial court's decision to cumulate sentences is reviewed for an abuse of discretion. *Hurley v. State*, 130 S.W.3d 501, 503 (Tex.App.-Dallas 2004, no pet.). An improper cumulation order is a void sentence and error may be raised at any time. *Id.*

Article 42.08(a) provides, in relevant part, as follows:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction.... [I]n the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases....

TEX.CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp.2005).

■ Relying on tools of statutory construction, Townsend contends that, because he was convicted in the DWI case first, the drug cases are "second and subsequent" offenses pursuant to Article 42.08(a) and the sentence in the DWI case cannot be cumulated with the sentences in the drug cases. However, applying those same tools, we hold that, in the context of multiple convictions in a single proceeding, as in the instant case, such a literal read-

---

1. The sentences in the two drug cases were ordered to be served concurrently with one another.

2. This appeal is the DWI case. The appeals of the drug cases are pending in this Court in causes numbered 06–05–00152–CR and 06–05–00172–CR.

ing of the statute would lead to an absurd result.

In construing Article 42.08(a), the Texas Court of Criminal Appeals has held that the trial court should be given flexibility when it comes to cumulating sentences. *See Barela v. State,* 180 S.W.3d 145, 148 (Tex.Crim.App.2005); *Pettigrew v. State,* 48 S.W.3d 769, 773 (Tex.Crim.App.2001). These two cases appear inconsistent. *Pettigrew* suggests it is the order of sentencing that should be considered in cumulating sentences. 48 S.W.3d at 771. *Barela,* on the other hand, expressly holds that "[i]t is the order of conviction, rather than the order of sentencing, that is important when contemplating the propriety of a cumulation order." 180 S.W.3d at 149. Neither case, however, dealt with multiple convictions in a single proceeding. *Pettigrew* dealt with a conviction in which community supervision was granted but later revoked when the appellant was convicted for another offense. *Barela* dealt with convictions in another state, for which no sentences had been pronounced, and later convictions in Texas. Here, we rely on these cases for the proposition stated above that is common to both: that, in cumulating sentences pursuant to Article 42.08(a), the trial court has flexibility.

Cases with facts more nearly those of the instant case are *Nicholas v. State,* 56 S.W.3d 760 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd), and *Hughes v. State,* 673 S.W.2d 654 (Tex.App.-Austin 1984, pet. ref'd).

In *Hughes,* the appellant was convicted by a jury for five offenses tried together. At sentencing, the trial court cumulated all the sentences. Hughes argued on appeal that the trial court had no basis on which it could determine the exact order in which the jury decided the verdicts. The court, therefore, had no basis on which to determine the second and subsequent offenses

in order to cumulate the sentences properly under Article 42.08(a). *Hughes,* 673 S.W.2d at 658. Hughes appears to have also argued that the trial court failed to follow Article 42.08(a) by cumulating the sentences in an order different from the order in which the jury physically handed its verdicts to the bailiff. *Id.* The Austin Court of Appeals rejected these arguments and held the cumulation order was within the discretion of the trial court.

In *Nicholas,* the appellant pled guilty to six indictments in one proceeding. The trial court sentenced him to life in prison on each and ordered five to run consecutively. Nicholas argued on appeal that there was no subsequent conviction within the meaning of Article 42.08(a) because he was "convicted and sentenced on his guilty pleas in a single consolidated proceeding before the same judge at the same time...." Rejecting his argument, the Houston court cited *Hughes* and wrote:

> *Hughes* stands for the proposition that, where a defendant is found guilty in a consolidated proceeding, there need not be an exact order of the presentment of the verdicts in order to fulfill the requirements of [article] 42.08(a). We see no reason to distinguish the holding by the Austin Court of Appeals merely because Hughes was found guilty by a jury, whereas here appellant pled guilty to a judge.

*Nicholas,* 56 S.W.3d at 766 (citing *Hughes,* 673 S.W.2d at 658).

Likewise, we see no reason to distinguish these cases from the instant case where, with multiple convictions in a single proceeding, the trial court happened to recite that it found Townsend guilty of the DWI charge first. At sentencing, the court had a logical reason for cumulating the DWI sentence onto one of the drug sentences: "because [the DWI offense] occurred months after the two [drug of-

fenses]." Under *Pettigrew* and *Barela,* the court had that flexibility. Any other construction of Article 42.08(a), in this context, would produce an absurd result.[3] We hold the trial court did not abuse its discretion in its cumulation order. Townsend's sole point of error is overruled.

We affirm the judgment.

---

**3.** As stated in a footnote of the State's brief, if the trial court had said, "I find you guilty of all three of these offenses," there would not be a subsequent offense, and under Townsend's reasoning, none of the sentences could be cumulated.