PD-0213-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/20/2015 10:25:57 AM
Accepted 7/20/2015 11:30:46 AM
ABEL ACOSTA
CLERK

PD-0213-15

# IN THE

# COURT OF CRIMINAL APPEALS

# SITTING AT AUSTIN, TEXAS

_____

THOMAS LEON BYRD,

*PETITIONER*

V.

THE STATE OF TEXAS

_____

ON REVIEW FROM THE TENTH COURT OF APPEALS
No. 10-13-00381-CR
AN APPEAL OF A CONVICTION IN CAUSE NO. 2012-1658-C2
FROM THE 19TH JUDICIAL DISTRICT COURT OF
MCLENNAN COUNTY, TEXAS

_____

**STATE'S BRIEF**

_____

ABELINO "ABEL" REYNA
Criminal District Attorney
McLennan County, Texas

GABRIEL C. PRICE
Appellate Division
State Bar No. 24068071

219 North 6th Street, Suite 200
Waco, Texas 76701
[Tel.] (254) 757-5084
[Fax] (254) 757-5021
[Email]
gabe.price@co.mclennan.tx.us

i

## Identity of Parties and Counsel

| | |
|---|---|
| Petitioner | Thomas Leon Byrd |
| Petitioner's Trial Attorney | Mr. Thomas West<br>4125 W. Waco Dr.<br>Waco, TX 76710<br>Mr. Dan Stokes Jr.<br>2121 W. Waco Dr.<br>Waco, Texas 76710 |
| Petitioner's Attorney on Appeal | Mr. Alan Bennett<br>510 N. Valley Mills Dr.<br>Suite 500<br>Waco, Texas 76710 |
| State's Trial Attorney | Mr. Landon Ramsay<br>Mr. Evan O'Donnell<br>Assistant Criminal District<br>Attorneys<br>219 North 6th Street, Suite 200<br>Waco, Texas 76701 |
| State's Attorney on Appeal | Abelino ' Abel' Reyna<br>Criminal District Attorney<br>Gabriel Price<br>Assistant Criminal District<br>Attorney<br>219 North 6th Street, Suite 200<br>Waco, Texas 76701 |

# Table of Contents

**Contents**

Identity of Parties and Counsel................................................................ii

Table of Contents ....................................................................................iii

Index of Authorities................................................................................ v

Statement of the Case ............................................................................ vi

Issues Presented .....................................................................................viii

Statement Regard Oral Argument.........................................................viii

Summary of Argument ............................................................................1

Argument ..................................................................................................2

Issue 1: The trial court properly cumulated Petitioner's sentence with a prior sentence that had been imposed..............................................................2

    Standard of Review..................................................................................2

    Argument ..................................................................................................2

        No Evidence of Parole Status .......................................................2

        Sufficiency of Evidence of Prior Conviction................................3

        A Present Conviction Can be Stacked on a Prior Conviction .................5

        The trial court's cumulation order was authorized ...................6

        Conclusion.....................................................................................8

Prayer .......................................................................................................10

Certificate of Compliance ...................................................................10

Certificate of Service ............................................................................11

# Index of Authorities

**State Cases**

*Banks v. State*, 708 S.W.2d 460 (Tex. Crim. App. 1986)......................................3, 9

*Bollman v. State,* 2009 WL 161032 (Tex. App.—Fort Worth Jan. 22, 2009,

   no pet.) .................................................................................................................5

*Byrd v. State,* 2015 WL 294674 (Tex. App.—Waco Jan. 22, 2015).....................v, 3

*Barela v. State,* 180 S.W.3d 145 (Tex. Crim. App. 2005)........................ 3, 4, 5, 6, 9

*Ex parte Hale,* 117 S.W.3d 866 (Tex. Crim. App. 2003) .......................................6

*Ex parte Kuester*, 21 S.W.3d 264, 265 (Tex. Crim. App. 2000) ...........................6

*Ex parte Vela, 460 S.W.3d 610 (Tex. Crim. App. 2015)*.......................................7, 8

*Hill v. State*, 213 S.W.3d 533, 537 (Tex. App.—Texarkana 2007, no pet.)....6, 7

*Hurley v. State,* 130 S.W.3d 501 (Tex. App.—Dallas 2004, no pet.) ......................2

*Nicholas v. State,* 56 S.W.3d 760 (Tex. App.—Houston [14th Dist.] 2001,

   pet. ref'd) ............................................................................................ 2, 6, 9

*Townsend v. State*, 187 S.W.3d 131, 133 (Tex. App.—Texarkana 2006,

   pet. ref'd) .............................................................................................................7

*Wilson v. State*, 854 S.W.2d 270, 273 (Tex. App.—Amarillo 1993,

   pet. ref'd). .........................................................................................................3, 9

**State Statutes and Rules**

Tex. Crim. Proc. Code Ann. § art. 42.08(a) (West)......................................................8

Tex. R App. P. 9.4(e) ...................................................................................10

Tex. R. App. P. 9.4(i)....................................................................................10

Tex. R. App. P. 9.4(i)(1) ...............................................................................11

## Statement of the Case

Petitioner, THOMAS LEON BYRD, was charged by indictment with POSSESSION OF A CONTROLLED SUBSTANCE IN A DRUG FREE ZONE (Habitual) COUNTS I, II and EVADING ARREST OR DETENTION WITH A PRIOR CONVICTION (Enhanced) COUNT III as proscribed by Sections 481.115, 481.134 of the Texas Health and Safety Code and 38.04 of the Texas Penal Code. This offense was alleged to have been committed on or about the 23rd day of October, 2012, in McLennan County, Texas. 1 CR 5-7[1]. The State abandoned the drug free zone allegation. 3 RR 5[2].

Petitioner pled not guilty to ALL counts. 1 CR 57. Trial was before the court beginning September 30th, 2013 and ending October 1st, 2013 with a

---

[1] Reference to the clerk's record is indicated by volume number followed by CR followed by page number
[2] Reference to the reporter's record is indicated by volume number followed by RR followed by page number

verdict of guilty on Counts I, II and III. 5 RR 187-188. Punishment was assessed by the fury at eighty (80) years imprisonment on Count I and twenty (20) years imprisonment on Counts II and III in the Texas Department of Criminal Justice – Institutional Division and no fine. 6 RR 41-42. The trial court ordered that the sentence in this case not begin to operate until the sentence in cause number 2007-1823-C1 out of the 19th District Court ceases to operate. 6 RR 45.

The Tenth Court of Appeals affirmed Petitioner's conviction and sentence in a memorandum opinion on January 22nd, 2015. *Byrd v. State*, 10-13-00381-CR, 2015 WL 294674 (Tex. App.—Waco Jan. 22, 2015), *petition for discretionary review granted* (May 20, 2015).

## Issues Presented

*Petitioner's Issues Presented and State's Response to each:*

1. Whether a trial court may order a sentence to run consecutively with a future parole revocation.

**State's Response**: The trial court properly cumulated the current sentence on a prior sentence that had been previously imposed.

## Statement Regard Oral Argument

The Honorable Court of Criminal Appeals granted review as to the above issue and ordered that oral arguments would not be permitted.

## Summary of Argument

There is no evidence in the record as to Petitioner's parole status on his prior conviction at the time of sentencing. Petitioner attempts to add an additional sufficiency requirement to the proof that the State must provide at trial without any authoritative support for his position. The State met its burden of proof with regard to the details of the prior conviction as identified in this Court's prior case law. Without the factual basis in the record for this Court to review, this case should be dismissed as improvidently granted.

A current sentence may be stacked on a prior conviction where the sentence has not yet been imposed under this Court's previous decision in *Barela*. It is the order of conviction that is important and not the order of sentencing. Since Petitioner was previously convicted in the first case, the trial court's cumulation order was valid and there was no abuse of discretion.

The trial court was not limited by the legislature from entering this cumulation order. This Court has noted that the legislature has intended to give the trial court the maximum amount of flexibility when cumulating sentences. Because not unauthorized, the trial court was authorized in entering the cumulation order in Petitioner's case.

**Argument**

**Issue 1: The trial court properly cumulated Petitioner's sentence with a prior sentence that had been imposed.**

The issue in Petitioner's case is narrowly presented as whether the trial court's cumulation order was authorized. The issue is not how the sentence is to be calculated by the Texas Department of Criminal Justice.

STANDARD OF REVIEW

An appellate court reviews the trial court's decision to stack or cumulate sentences for an abuse of discretion. *Hurley v. State*, 130 S.W.3d 501, 503 (Tex. App.—Dallas 2004, no pet.). An abuse of discretion generally will be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

ARGUMENT

*No Evidence of Parole Status*

There is no evidence to support Petitioner's position that he was on parole for the first conviction in cause number 2007-1823-C1 at the time he

was sentenced in this case[3]. In *Wilson*, the appellant argued in his first point of error that the court erred in cumulating his new sentence with a sentence he was currently on parole for. *Wilson v. State*, 854 S.W.2d 270, 273 (Tex. App.—Amarillo 1993, pet. ref'd). The court of appeals held that, "It would therefore appear from the record that, there being no evidence appellant was on parole, there is no factual basis for appellant's first point of error." *Id.* Similarly in Petitioner's case, there being no evidence in the record of his parole status, there is no factual basis for this issue on appeal and therefore this case should be dismissed as improvidently granted.

*Sufficiency of Evidence of Prior Conviction*

In *Banks*, this Court held that there are five requirements to a proper cumulation order: (1) the trial court number of the prior conviction; (2) the correct name of the court where the prior conviction was had; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *Banks v. State*, 708 S.W.2d 460 (Tex. Crim. App. 1986); see also *Barela v. State*, 180 S.W.3d 145, 148 (Tex. Crim. App. 2005). Petitioner is attempting to add an additional requirement of the State to prove whether a defendant is currently on parole or whether his parole has been revoked. App. Br. 11[4]. Petitioner relies on *Barela* as his sole

---

[3] The 10th Court of Appeals found that it was clear from the record that Petitioner was on parole when this offense was committed but did not discuss whether he was on parole at the time of sentencing. See *Byrd*, 2015 WL 294674.

[4] Reference to Petitioner's brief is indicated by App. Br. Followed by page number.

supporting authority on this point. App. Br. 11. Petitioner's reliance on *Barela* is misplaced. *Barela* contains no requirement or indication that the State must provide evidence of the defendant's current status as to the serving of his sentence. In fact *Barela* stands for the opposite proposition.

In *Barela*, this Court reviewed a trial court's order cumulating a conviction and sentence in Texas with a prior conviction from Arizona where the defendant had escaped prior to sentencing. *Id.* at 147. This Court held that "It is the order of conviction, rather than the order of sentencing, that is important when contemplating the propriety of a cumulation order. There is no requirement that a sentence must be imposed in the first conviction before a stacked sentence can be imposed in any subsequent sentence." *Id.* at 149. This would indicate that the State is not required to prove the current status of a sentence to support a valid cumulation order. As long as the State produces evidence that the defendant has been convicted prior to the current conviction and sufficient details of the prior conviction to allow the Texas Department of Criminal Justice to properly calculate the sentence, a cumulation order by the court would be upheld. In Petitioner's case the State produced legally sufficient evidence to allow TDCJ to identify and properly calculate Petitioner's sentence. State's Exhibit 36; 6 RR 5-6. The trial court did not abuse its discretion in cumulating Petitioner's sentences and Petitioner's sole issue should be denied.

4

*A Present Conviction Can be Stacked on a Prior Conviction*

Petitioner argues that a court may not order a sentence to run consecutively with a future sentence and relies on *Bollman*. App. Br. 12. *Bollman* is not relevant to Petitioner's case. In *Bollman*, the trial court ordered the sentence to run consecutively with a sentence in a case that was currently pending without any disposition or conviction. *Bollman v. State*, 2-08-061-CR, 2009 WL 161032, at *2 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.). In *Bollman* the State conceded that the cumulation order was invalid because there was no evidence under *Barela* of any prior conviction. Id at 5. *Bollman* is distinguishable to Petitioner's case because in Petitioner's case the State did present evidence of his prior conviction. The State presented legally sufficient evidence to prove that Petitioner was previously convicted and that he was the same person that was convicted on July 8th, 2008 in cause number 2007-1823-C1 in the 19th District Court of McLennan County with a fifteen (15) year sentence for Possession of a Controlled Substance with Intent to Deliver Cocaine and Petitioner pled true to the enhancement paragraph contained in the indictment which was this prior conviction. State's Exhibit 36; 6 RR 5-6. Additionally, Petitioner's reliance on *Bollman* is directly contradicted by this Court's decision in *Barela*. This Court specifically addressed the issue of stacking a current sentence onto a future sentence from a prior conviction. *Barela*, 180 S.W.3d at 147, fn5.

*The trial court's cumulation order was authorized*

This Court has held that it is the order of conviction and not the order of sentencing that authorizes a valid cumulation order. *Id.* at 149. An abuse of discretion generally will be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas*, 56 S.W.3d at 765.

The issue in Petitioner's case is narrowly presented as whether the trial court's cumulation order was authorized. The issue is not how the sentence is to be calculated by the Texas Department of Criminal Justice. Petitioner cites to *Ex Parte Kuester* for the proposition that once a defendant is released on parole the sentence "ceases to operate" and therefore the court may not stack a new sentence on that case. App. Br. 14-15. The issue before this Court in *Kuester* was stated as, "This case presents a complicated time-credit issue, specifically, how to compute time on a stacked sentence." *Ex parte Kuester*, 21 S.W.3d 264, 265 (Tex. Crim. App. 2000), *disapproved of by Ex parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003). The same argument as Petitioner's was made in *Hill* where the appellant relied on *Kuester* to argue that since his sentence had "ceased to operate" when he was placed on parole the judge lacked the authority to cumulate his sentence with his current parole. *Hill v. State*, 213 S.W.3d 533, 537 (Tex. App.—Texarkana 2007, no pet.). The *Hill* court concluded that *Kuester* only

6

dealt with time credit and did not address the authority of a trial court's cumulation order. *Id.* The only issue in Petitioner's case is whether the trial court had the discretion to cumulate the sentences[5]. *Kuester* does not stand for the proposition that a trial court is not authorized to cumulate new sentence with a prior sentence that has ceased to operate. No Texas court has ever placed a limitation on the trial court's authority to cumulate a sentence based solely on the fact that the previous conviction had ceased to operate and this Court should not place a limitation on the trial court's authority that was not intended by the legislature and not included within Article 42.08.

Moreover, this Court has recognized that the legislature has intended to give the trial court broad discretion in cumulating sentences. "The legislature sought to give the trial court the maximum flexibility possible in stacking sentences." *Ex parte Vela*, 460 S.W.3d 610 (Tex. Crim. App. 2015); see also *Townsend v. State*, 187 S.W.3d 131, 133 (Tex. App.—Texarkana 2006, pet. ref'd). The rationale and reasoning behind the ruling in *Vela* is not present in Petitioner's case either. The decision in *Vela* was whether the granting of a new trial for punishment on the first conviction in a series of two consecutive sentences also removed the court's cumulation order. *Id.* The concern in *Vela* was that the granting of the new punishment trial could lead to an unlawful cumulation order if the court granted

---

[5] The issue of time calculation may arise in a Writ of Habeas Corpus in the future as a similar issue as what was presented in *Kuester* but that issue is not before this Court on this case and is not ripe for review.

community supervision and thus when a new punishment trial is granted only on the first conviction in the series the court must then treat that as the subsequent conviction for stacking purposes. See *Vela* 460 S.W.3d 610. That reasoning and concern does not apply to the issue in Petitioner's case. Petitioner was convicted and sentenced in the prior cause number. The trial court did not have the option of now sentencing Petitioner to community supervision on the first conviction or modifying the sentence in any way. Any action regarding parole in the first conviction, cause number 2007-1823-C1, would not lead to an unlawful cumulation order and therefore the trial court's cumulation order in this case is not affected by the parole status of the prior case.

Regardless of the time calculation by TDCJ on Petitioner's sentences, the trial court acted within its discretion by cumulating Petitioner's sentences. Since the trial court was not prohibited from cumulating Petitioner's sentences there was no abuse of discretion. Article 42.08(a) does not limit the authority of a trial court's discretion in enter a cumulation order expect with regards to suspended sentences. Tex. Crim. Proc. Code Ann. § art. 42.08(a) (West). Because the legislature has given the trial court broad discretion in cumulating sentence, and the trial court was not prohibited from cumulating this sentence there was no abuse of discretion and Petitioner's sole issue should be denied.

*Conclusion*

8

There is no evidence in the record as to the current parole status at the time of sentencing in regards to cause number 2007-1823-C1 and thus no factual basis to support Petitioner's issue. This Court should dismiss this petition as improvidently granted. See *Wilson*, 854 S.W.2d at 273.

The State presented legally sufficient proof of; the cause number, the date, the court, the term of years and the nature of the case, in Petitioner's prior conviction which the instant case was cumulated. The State satisfied the evidentiary requirements to support the trial court's order under *Barela*. *Barela*, 180 S.W.3d at 148 (citing *Banks*, 708 S.W.2d at 461).

Even assuming that Petitioner was on parole at the time of sentencing, the trial court's cumulation order was valid under this Court's prior case law. The trial court was not prohibited from ordering this sentence be "stacked" on the prior sentence and thus it was within the trial court's authority to enter the cumulation order. See *Nicholas*, 56 S.W.3d at 765. The 10th Court of Appeals decision should be affirmed.

## Prayer

For the foregoing reasons, the State of Texas prays that this Honorable Court affirm the conviction and punishment of THOMAS LEON BIRD and prays for such other and further relief as may be provided by law.

Respectfully Submitted:

ABELINO 'ABEL' REYNA
Criminal District Attorney
McLennan County, Texas

/s/Gabriel C. Price
GABRIEL C. PRICE
Appellate Division
219 North 6th Street, Suite 200
Waco, Texas 76701
[Tel.] (254) 757-5084
[Fax] (254) 757-5021
[Email]
gabe.price@co.mclennan.tx.us
State Bar No. 24068071

## Certificate of Compliance

This document complies with the typeface requirements of Tex. R App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if

applicable, because it contains 2,297 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

## Certificate of Service

I certify that I caused to be served a true and correct copy of this State's Brief by eservice or email on Petitioner's attorney of record, Alan Bennett, and the State Prosecuting Attorney.


DATE: 7/20/2015                                   /s/Gabriel C. Price_____

                                                  GABRIEL C. PRICE